**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-00251-NYW

K.W.,[1]

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of the Social Security Administration,[2]

    Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

This civil action arises under Title XVI of the Social Security Act (the "Act") for review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant"). For the reasons set forth in this Order, the Commissioner's decision is respectfully **REVERSED** and **REMANDED**.

**BACKGROUND**

In this case, Plaintiff K.W. challenges the Commissioner's final decision denying her application for supplemental security income ("SSI"). *See generally* [Doc. 11]. She filed her application for SSI on June 7, 2023, listing a disability onset date of August 1, 2013. [Doc. 9-5 at 219, 235].[3] The Social Security Administration ("SSA") denied

---

[1] The Local Rules for this District provide that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only." D.C.COLO.LAPR 5.2(b).

[2] Under Fed. R. Civ. P. 25(d), Commissioner Bisignano is automatically substituted in as the Defendant in this matter.

[3] When citing to the Administrative Record, the Court cites to the docket number assigned by the CM/ECF system and the page number associated with the Administrative Record, which is found in the bottom right-hand corner of each page. For

Plaintiff's application on December 6, 2023, [Doc. 9-4 at 126], and again upon reconsideration on February 13, 2024, [*id.* at 138]. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was convened before ALJ Kurt Schuman on August 1, 2024. [Doc. 9-2 at 59–95].

On August 16, 2024, the ALJ issued a decision denying Plaintiff's request for SSI. [*Id.* at 32–51]. The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 7, 2023, Plaintiff's application date. [*Id.* at 37]. The ALJ also concluded that Plaintiff has the following severe impairments: disorders of the skeletal spine; curvature of the spine; migraine; visual disturbances; fibromyalgia; depressive, bipolar and related disorders; anxiety and obsessive-compulsive disorders; somatic symptom and related disorders; personality disorders; trauma and stressor-related disorders; and substance abuse or addiction. [*Id.*]. The ALJ determined that these medically determinable impairments "significantly limit [Plaintiff's] ability to perform basic work activities," but also concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in the Social Security Regulations. [*Id.* at 37–38].

With respect to mental impairments, the ALJ concluded that Plaintiff is mildly limited in understanding, remembering, or applying information; mildly limited in interacting with others; moderately limited in concentrating, persisting, or maintaining pace; and moderately limited in adapting or managing oneself. [*Id.* at 40–41].[4]

---

all other documents, the Court cites to the document and page number generated by the CM/ECF system, rather than the page numbers assigned by the Parties.

[4] A "mild" limitation is present when the claimant's "functioning in [the relevant] area independently, appropriately, effectively, and on a sustained basis is slightly limited." 20 C.F.R. § 404, Subpt. P, App. 1, § 12.00(F)(2)(b). A "moderate" limitation exists when the

The ALJ ultimately found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a),[5] but with the following restrictions:

> The claimant is able to lift up to 20 pounds occasionally and lift or carry up to 10 pounds frequently, but is only able to stand or walk for approximately four hours per eight-hour workday and sit for approximately six hours per eight-hour workday, with normal breaks. She must never be required to climb ladders, ropes or scaffolds. She is able to climb ramps and stairs, stoop, crouch, kneel and crawl frequently. She must avoid all use of moving and/or dangerous machinery and all exposure to unprotected heights. She is able to maintain sufficient attention and concentration for extended periods of two-hour segments during a normal workday with normal breaks, but only in work that consists of no more than simple tasks.

[*Id.* at 41]. The ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." [*Id.* at 50].

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 30, 2024, [*id.* at 18], which rendered the ALJ's decision the final decision of the Commissioner. On January 24, 2025, Plaintiff sought judicial review of the Commissioner's decision in the United States District Court for the District of Colorado. [Doc. 1]. This matter is now ripe for resolution.

---

claimant's "functioning in [the relevant] area independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

[5] "Sedentary work" is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967.

**LEGAL STANDARDS**

SSI is available to an individual who is financially eligible,[6] files an application for SSI, and is disabled as defined in the Act.  42 U.S.C. § 1382; 20 C.F.R. § 416.202.

An individual is disabled only if their "physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).  The disabling impairment must last, or be expected to last, for at least 12 consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).  When a claimant has one or more physical or mental impairments, the Commissioner must consider the combined effects in making a disability determination.   42 U.S.C. § 1382c(a)(3)(G).

The Commissioner has developed a five-step evaluation process for determining whether a claimant is disabled under the Act.  20 C.F.R. §, 416.920(a)(4).  The five steps contemplate the following determinations:

1.  Whether the claimant has engaged in substantial gainful activity;

2.  Whether the claimant has a medically severe impairment or combination of impairments;

3.  Whether the claimant has an impairment that meets or medically equals any listing found at Title 20, Chapter III, Part 404, Subpart P, Appendix 1;

4.  Whether the claimant has the RFC to perform her past relevant work; and

5.  Whether the claimant can perform work that exists in the national economy, considering the claimant's RFC, age, education, and work experience.

---

[6] SSI is a needs-based program established for individuals with limited resources.  *See* 20 C.F.R. § 416.110; *see also Ford v. Commissioner*, 816 F. App'x 276, 279 (10th Cir. 2020) (discussing the distinction between disability insurance benefits and SSI).

*See id.* § 416.920(a)(4)(i)–(v); *see also Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir. 1988) (describing the five steps in detail). "The claimant bears the burden of proof through step four of the analysis," while the Commissioner bears the burden of proof at step five. *Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

In reviewing the Commissioner's decision, the Court limits its inquiry to whether it is supported by substantial evidence and whether the Commissioner applied the correct legal standards. *See Vallejo v. Berryhill*, 849 F.3d 951, 954 (10th Cir. 2017). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court "cannot reweigh the evidence or substitute [its] judgment for the administrative law judge's," *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016), but the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Flaherty*, 515 F.3d at 1070 (quotation omitted).

Remand is also warranted where the ALJ fails to apply the correct legal standard or fails to provide the reviewing court "with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir.

2005) (quotation omitted).  But if the Court "can follow the adjudicator's reasoning in conducting [its] review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## ANALYSIS

K.W. argues that the ALJ committed three reversible errors in his decision: (1)  the ALJ failed to reconcile internal conflicts in the RFC; (2) the ALJ failed to account for Plaintiff's moderate limitations in adapting or managing oneself in fashioning the RFC; and (3) the ALJ failed to incorporate or evaluate Plaintiff's severe headaches, and any related limitations, in determining the RFC.  [Doc. 10 at 2, 6–17].  The Court finds Plaintiff's second argument has merit and warrants remand.  The Court's analysis is limited accordingly.

As mentioned above, the ALJ concluded that Plaintiff is moderately limited in her ability to adapt or manage oneself.  [Doc. 9-2 at 41].  Plaintiff argues that the RFC fails to take this limitation into account, which requires reversal.  [Doc. 10 at 11].  She contends that SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996), requires the ALJ to either (1) include limitations in the RFC that account for her moderate limitation or (2) explain his decision not to do so.  [Doc. 10 at 12].  She also argues that the ALJ did not present a hypothetical to the vocational expert that accounted for her limitation.  [*Id.* at 13].  For all of these reasons, she contends that the ALJ's finding at step five was not supported by substantial evidence.  [*Id.*].

In response, the Commissioner asserts that a moderate mental-functioning limitation does not necessarily translate into a work-related function for purposes of the

RFC, and there was no requirement that the ALJ include Plaintiff's moderate limitation in adapting or managing oneself in the RFC. [Doc. 11 at 9]. Alternatively, the Commissioner argues that the ALJ did, in fact, consider and account for this limitation in the RFC assessment. [*Id.* at 10]. He says that the ALJ "adopted" the medical findings of two doctors "who both found that Plaintiff's particular adaptation limitations would be accounted for by restricting her to work with limited complexity." [*Id.* at 10–11]. In his view, then, the RFC accounted for Plaintiff's moderate limitation by limiting her to simple tasks. [*Id.*].

*Plaintiff's Moderate Limitation.* The ability to adapt or manage oneself "refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting." 20 C.F.R. § 404, Subpt. P, App. 1, § 12.00E(4). In the workplace setting, this ability includes "[r]esponding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions." *Id.*

A "moderate limitation" in this area means that an individual's "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(F)(2)(c). A moderate impairment "is not the same as no impairment at all," *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), and a moderate limitation in the ability to adapt or manage oneself "supports the conclusion that the individual's capacity to perform the activity is impaired," *Warren v. Colvin*, 170

7

F. Supp. 3d 1360, 1364 (D. Colo. 2016) (quoting Program Operations Manual System DI § 24510.063(B)(2)).

*Whether the ALJ Was Required to Account for this Limitation in the RFC.*  In his first argument, the Commissioner asserts that the ALJ was not required to account for Plaintiff's moderate limitation in adapting and managing oneself in the RFC.  [Doc. 11 at 9].  In support, he relies on *Beasley v. Colvin*, wherein the Tenth Circuit concluded that the ALJ below was "under no obligation to include limitations in social functioning in [the claimant's] RFC based solely on [the ALJ's] finding that she had 'moderate difficulties' in social functioning" at step three.  520 F. App'x 748, 754 (10th Cir. 2013); *see also* [Doc. 11 at 9].  The Commissioner contends that "Plaintiff's claim that it was reversible error to not have a specific workplace restriction for this moderate limitation is incorrect."  [Doc. 11 at 9].

Defendant's argument is partially correct in that, in *Beasley*, the Tenth Circuit rejected the notion that an ALJ must necessarily *incorporate* limitations found at step three into the RFC assessment.  *See Beasley*, 520 F. App'x at 754.  As the *Beasley* court recognized, the step-two and -three determinations of mental impairments "are not an RFC assessment but are [instead] used to rate the severity of mental impairment(s)."  SSR 96-8P, 1996 WL 374184, at *4 (S.S.A. July 2, 1996); *see also Beasley*, 520 F. App'x at 754.  "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings."  SSR 96-8P, 1996 WL 374184, at *4.

But *Beasley* does not foreclose Plaintiff's argument. Even though "the ALJ's description of the mental limitations at steps two and three is not an RFC assessment," this "does not mean that an ALJ may stop there." *Willie v. Saul*, No. 19-cv-00329-SMV, 2020 WL 2065286, at *4 (D.N.M. Apr. 29, 2020). If the ALJ assesses mental limitations at steps two and three, the ALJ is "required *either* to include corresponding limitations in the RFC assessment or to explain the omission." *Id.* (quotation omitted). In other words, "the law requires explanation, not automatic inclusion." *L.H. v. Bisignano*, No. 25-cv-01052-JWB, 2025 WL 2959197, at *7 (D. Kan. Oct. 20, 2025). *See, e.g.*, *Crowder v. Colvin*, 561 F. App'x 740, 746 (10th Cir. 2014) (remanding case and instruction that if the ALJ "again chooses to assess moderate impairments in concentration, persistence, and pace at step three, but not to include any limitation on concentration, persistence, and pace in the RFC at step four, he should explain the basis for his decision"). Indeed, in *Beasley*, the ALJ provided such an explanation, stating that while the claimant had social-functioning limitations, the claimant could still "respond appropriately to supervision, co-workers, the general public, and usual work situations." 520 F. App'x at 754.

The Court thus concludes, consistent with prior rulings on this issue, that "[w]hile the ALJ need not automatically adopt step-three findings in the RFC assessment, if the ALJ chooses to not incorporate the step-three determinations into the RFC, the ALJ must explain the basis for this decision." *D.G. v. Kijakazi*, No. 21-cv-01655-NYW, 2022 WL 2666033, at *8 (D. Colo. July 11, 2022).

***Whether the ALJ Did Account for this Limitation in the RFC.*** Next, the Parties disagree as to whether the RFC, by limiting Plaintiff to "simple tasks," adequately

accounts for Plaintiff's moderate limitation in adapting and managing oneself.  Plaintiff says that the task-complexity restriction "says nothing about Plaintiff's ability to handle changes, regulate emotion, respond to routine stress, or independently set and follow through on workplace goals."  [Doc. 10 at 11–12].  Defendant contends that two state doctors, Dr. Andrea Szporn and Dr. Maryann Wharry, "found that Plaintiff's particular adaptation limitations would be accounted for by restricting her to work with limited complexity," and the ALJ "adopted" these findings.  [Doc. 11 at 10].

"The Tenth Circuit has held that some moderate limitations *may* be accounted for in an RFC that restricts a claimant to performing simple tasks or unskilled work." *Montoya v. O'Malley*, No. 23-cv-00036-LF, 2024 WL 1329436, at *5 (D.N.M. Mar. 28, 2024).  *See, e.g.*, *Vigil v. Colvin*, 805 F.3d 1199, 1203–04 (10th Cir. 2015) (finding that the ALJ adequately accounted for the claimant's memory and concentration deficits by limiting the claimant to unskilled work and explaining that the claimant "retained enough memory and concentration to perform simple tasks," which was commensurate with unskilled work) (brackets omitted)); *S.R.T. v. Commissioner*, No. 24-cv-00213-NYW, 2025 WL 509268, at *4 (D. Colo. Feb. 14, 2025) (this Court finding that ALJ adequately accounted for claimant's limitations in concentration, persistence, and pace by limiting the claimant to work requiring "detailed by not complex instructions").  "[A] case-by-case analysis is required to determine whether an RFC's limitations adequately account for all impairments found by the ALJ and supported by the record."  *Marquez-Hernandez v. Commissioner*, No. 17-cv-01513-MSK, 2018 WL 2328401, at *7 (D. Colo. May 22, 2018).

Here, the Commissioner's argument that the ALJ accounted for Plaintiff's limitation by restricting her to unskilled work relies on the findings of two state doctors.

He insists that the doctors "both found that Plaintiff's particular adaptation limitations would be accounted for by restricting her to work with limited complexity." [Doc. 11 at 10]. The Court disagrees with this reading of the record.

In completing a Mental Residual Functional Capacity Evaluation, Dr. Szporn was required to evaluate whether K.W. is limited in four areas: understanding and memory; concentration and persistence; social interaction; and adaptation. [Doc. 9-3 at 104–05].[7] Dr. Szporn found that Plaintiff does not have limitations in understanding and memory or social interaction, but she does have limitations in concentration and pace and adaptation. [*Id.* at 104]. She was then tasked with evaluating eight abilities related to "Sustained Concentration and Pace" and four abilities related to "Adaption." [*Id.* at 104–05].

With respect to the concentration and pace category, Dr. Szporn concluded that Plaintiff is not significantly limited in six of the eight abilities, but that she is moderately limited in her "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest

---

[7] The records reflect that Dr. Szporn signed the evaluation form for Plaintiff's claim "at the Initial level" and Dr. Wharry completed the evaluation form for Plaintiff's claim "at the Recon[sideration] level." [Doc. 9-3 at 97, 109 (emphases omitted)]. The relevant portions of Dr. Wharry's completed form are identical to the same portions of Dr. Szporn's completed form. *Compare* [Doc. 104–05], *with* [*id.* at 117–18]. While the Court observes and takes notice of the fact that both doctors completed these forms, because they are identical in relevant content, the Court limits its detailed discussion of the form contents to Dr. Szporn's form.

periods." [*Id.* at 104]. When asked to explain the limitations "in narrative form," Dr. Szporn stated: "mood, anxiety and pain impact persistence at tasks." [*Id.*].

As for Plaintiff's limitations in adaptation, Dr. Szporn concluded that Plaintiff is moderately limited in her "ability to respond appropriately to changes in the work setting;" her "ability to travel in unfamiliar places or use public transportation;" and her "ability to set realistic goals or make plans independently of others." [*Id.* at 105]. When asked to explain "in narrative form" these limitations, the doctor stated: "Impaired stress tolerance." [*Id.*].

Finally, Dr. Szporn completed a section called "MRFC Additional Explanation." She stated:

> Symptoms may interfere with completion of a normal workday or workweek or may cause inconsistent pace. However, when work does not involve tasks of more than limited complexity and attention to detail, limitations of attendance and pace will not prevent the completion of a normal workday/workweek or significantly reduce pace. Claimant can perform at a consistent pace without an unreasonable number and length of rest periods when work demands are within MRFC restrictions.

[*Id.* (emphasis added)]. Thus, based on this report, Dr. Szborn opined that a task-complexity restriction would address Plaintiff's limitations *in maintaining adequate attendance and concentration*. But there is nothing in these records to suggest, as the Commissioner contends, that Dr. Szporn "found" that Plaintiff's *adaptation* limitations "would be accounted for by restricting her to work with limited complexity." *See* [Doc. 11 at 10].

Indeed, this appears to be how the ALJ viewed Dr. Szporn's evaluation, too. In his decision, he described the doctors' findings as follows:

> Dr. Szporn and Wharry found that the claimant has mild limitations in understanding, remembering or applying information and interacting with

others and moderate limitations in concentrating, persisting or maintaining pace and adapting or managing oneself. They found that the claimant's symptoms may interfere with completion of a normal workday or work week or may cause inconsistent pace, but, when work does not involve tasks of more than limited complexity and attention to detail, <u>limitations of attendance and pace</u> will not prevent the completion of a normal workday or work week or significantly reduce pace. They found that the claimant can perform at a consistent pace without an unreasonable number and length of rest periods when work demands are within these restrictions.

[Doc. 9-2 at 48]. The ALJ too recognized that the doctors believed that Plaintiff's limitations in *pace and attendance* could be accounted for by limiting Plaintiff to tasks of limited complexity and detail. But again, there is nothing in the ALJ's decision that suggests he determined that limiting the complexity of Plaintiff's tasks would also account for her moderate limitations in adaptation. *See* [*id.*].

Indeed, there is no obvious connection between the RFC limiting Plaintiff to simple tasks and Plaintiff's moderate limitation in adapting or managing oneself, which concerns the ability to "[r]espond[] to demands; adapt[] to changes; manag[e] your psychologically based symptoms; distinguish[] between acceptable and unacceptable work performance; set[] realistic goals; mak[e] plans for yourself independently of others; maintain[] personal hygiene and attire appropriate to a work setting; and be[] aware of normal hazards and taking appropriate precautions." 20 C.F.R. § 404, Subpt. P, App. 1, § 12.00E(4); *see also Montoya*, 2024 WL 1329436, at *6 ("[A] limitation to simple and repetitive work does not obviously accommodate Ms. Montoya's moderate limitation in her ability to adapt or manage herself."); *Spencer v. Kijakazi*, No. 20-cv-00786-NYW, 2021 WL 4133920, at *7 (D. Colo. Sept. 10, 2021) ("[T]he connection between the limitation to 'simple and detailed instructions' and 'simple and detailed work' and

13

Plaintiff's adaptive functioning limitation is not obvious."). Accordingly, the Court cannot conclude that the ALJ accounted for Plaintiff's moderate adaptation limitation in the RFC.

This alone is not error. An ALJ can either account for a moderate limitation *or* simply explain why no corresponding work-related functional restriction is required. *Willie*, 2020 WL 2065286, at *4. The Commissioner does not argue that the ALJ provided such an explanation here, *see* [Doc. 11], and the Court could not locate any explanation in the ALJ's decision. After concluding that Plaintiff has a moderate limitation in adapting or managing oneself, the ALJ went on to discuss some of Plaintiff's mental-functioning medical records. *See* [Doc. 9-2 at 41]. But beyond summarizing this evidence, the ALJ made no express findings that these medical records demonstrated that Plaintiff's moderate adaptation limitation did not require any work-related restrictions. *See* [*id.*]. And while he does state that "the evidence of record does not show marginal adjustment, that is, that the claimant has minimal capacity to adapt to changes in her environment or to demands that are not already part of her daily life," [*id.*], this statement alone does not adequately explain why a work-related limitation in this area is not required.

The Commissioner makes no harmless error argument, *see* [Doc. 11], and it is not this Court's duty to perform legal research or craft arguments on behalf of a party, *see Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016). The Court observes, through, that "[a] limited ability to carry out certain mental activities, such as limitations in . . . responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 416.945(c). And although "a 'not severe' impairment[] standing alone may not significantly limit an individual's ability to do basic work activities, it may—when

considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." *McFerran v. Astrue*, 437 F. App'x 634, 638 (10th Cir. 2011) (quoting SSR 96-8p, 1996 WL 374184, at *5).

The Court finds that the ALJ should have clearly explained why Plaintiff's moderate adaptation limitations did not require a work-related restriction in her RFC. *Crowder*, 561 F. App'x at 746. The ALJ did not do so, and as a result, the Court will remand the case for further proceedings. *Montoya*, 2024 WL 1329436, at *6; *Garcia v. Saul*, 509 F. Supp. 3d 1306, 1318 (D.N.M. 2020) (remanding where RFC limitation to "simple work" did not account for the claimant's moderate adaptation limitation and the ALJ did not explain why the limitation was not included). On remand, the ALJ must either explicitly account for Plaintiff's moderate limitation in the RFC (and, in turn, the determination of disability) *or* explain why no corresponding work-related functional restriction is required. The Court does not predetermine what that outcome should be.

Accordingly, the Commissioner's decision is respectfully **REVERSED** and **REMANDED** for further proceedings. The Court respectfully declines to address K.W.'s other argument on appeals, as they "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### CONCLUSION

For the reasons set forth in this order, the Commissioner's decision is respectfully **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

DATED: March 30, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

15